IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

    vs.                        **Case No. 04-40104-01-RDR**

CHRISTOPHER LEE GRIMES,

          Defendant.

_____

## MEMORANDUM AND ORDER

This order is issued to record the court's rulings upon defendant's pretrial motions following a hearing at which evidence was taken upon a motion to suppress.

There is a 12-count indictment in this case. Counts 1, 2 and 3 allege that on or about July 25, 2003, defendant illegally possessed three different firearms (two rifles and a shotgun) because:  of a prior felony conviction (Count 1); a prior domestic violence conviction (Count 2); and because he knew they were stolen (Count 3).

Counts 4, 5 and 6 allege that on or about August 5, 2003, defendant illegally possessed four different handguns because: of a prior felony conviction (Count 4); a prior domestic violence conviction (Count 5); and because he knew they were stolen (Count 6).

Counts 7, 8 and 9 allege that on or about August 12, 2003, defendant illegally possessed three different handguns because:

of a prior felony conviction (Count 7); a prior domestic violence conviction (Count 8); and because he knew they were stolen (Count 9).

Counts 10, 11 and 12 allege that on or about September 9, 2003, defendant illegally possessed three different firearms (an assault rifle, a shotgun, and a revolver) because: of a prior felony conviction (Count 10); a prior domestic violence conviction (Count 11); and because he knew they were stolen (Count 12).

Counts 1, 4, 7 and 10 allege a violation of 18 U.S.C. § 922(g)(1). Counts 2, 5, 8 and 11 allege a violation of 18 U.S.C. § 922(g)(9). Counts 3, 6, 9 and 12 allege a violation of 18 U.S.C. § 922(j).

Apparently, the government will seek to prove in this matter that defendant stole the firearms identified in the Indictment from his grandfather's house in Abilene, Kansas and pawned them at local shops in Salina, Kansas and the surrounding area.

MOTION FOR NOTICE OF EVIDENCE (Doc. No. 23) and MOTION TO DISCLOSE EXPERT TESTIMONY (Doc. No. 24).

In light of the government's response to these motions, the court shall consider the motions to be moot.

MOTION FOR BIFURCATED TRIAL (Doc. No. 22).

Defendant seeks to bifurcate the consideration of whether defendant possessed the weapons in question from the

consideration of whether defendant was legally precluded from possessing the weapons.  Based upon the holdings in U.S. v. Dean, 76 F.3d 329, 332 (10th Cir. 1996) and U.S. v. Belk, 346 F.3d 305, 310 (2d Cir. 2003) cert. denied, 540 U.S. 1205 (2004), the court shall deny the motion for bifurcated trial.

MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION (Doc. No. 26).

Defendant argues that one of the charging statutes, 18 U.S.C. § 922(g), violates the Commerce Clause on its face and as applied.  Defendant also argues that the statute violates the Tenth Amendment.  Much of defendant's Commerce Clause argumentation derives from U.S. v. Lopez, 514 U.S. 549 (1995).

The Tenth Circuit has rejected these arguments.  See U.S. v. Farnsworth, 92 F.3d 1001, 1006 (10th Cir.) cert. denied, 519 U.S. 1034 (1996)(Commerce Clause); U.S. v. Dorris, 236 F.3d 582, 585-86 (10th Cir. 2000) cert. denied, 532 U.S. 986 (2001)(Commerce Clause); U.S. v. Baer, 235 F.3d 561, 563 (10th Cir. 2000)(Commerce Clause and Tenth Amendment); U.S. v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995) cert. denied, 516 U.S. 1137 (1996)(Commerce Clause); U.S. v. Parker, 362 F.3d 1279, 1284-85 (10th Cir. 2004)(Tenth Amendment); see also, U.S. v. Napier, 233 F.3d 394, 404 (6th Cir. 2000)(Tenth Amendment).

On the basis of this authority, the court shall deny the motion to dismiss for lack of federal jurisdiction.

3

MOTION TO DISMISS (Doc. No. 32).

This motion seeks dismissal on the grounds that the charges violate defendant's rights under the Second Amendment. This argument was rejected by the Tenth Circuit in <u>U.S. v. Parker</u>, 362 F.3d 1279, 1282-83 (10th Cir.) <u>cert. denied</u>, 125 S.Ct. 88 (2004) and <u>U.S. v. Baer</u>, 235 F.3d 561, 564 (10th Cir. 2000). Defendant has also made an equal protection argument. This argument has been rejected by many courts including the Fifth Circuit in <u>U.S. v. Darrington</u>, 351 F.3d 632, 634-35 (5th Cir. 2003) <u>cert. denied</u>, 541 U.S. 1080 (2004). Based on this authority, the court rejects defendant's motion to dismiss.

MOTION TO DISMISS INDICTMENT OR REQUIRE ELECTION OF COUNTS (Doc. No. 27).

This motion asks the court to dismiss the indictment or require the government to elect the counts upon which it will proceed on the grounds of multiplicity. The government recognizes that defendant should not receive cumulative sentences if he is convicted on some of the counts. But, the government asserts that it should be allowed to go to trial on all of the counts and then make adjustments at the time of sentencing to assure that defendant isn't punished twice for the same offense.

The court has examined the case of <u>U.S. v. Johnson</u>, 130 F.3d 1420, 1425-26 (10th Cir. 1997) <u>cert. denied</u>, 525 U.S. 829 (1998),

4

which is cited by both sides.   Upon review of that case and others, the court shall deny the motion to dismiss or to require the government to elect which counts to bring.

MOTION TO SUPPRESS (Doc. No. 30).

Defendant has filed this motion arguing that statements he made to federal officers should be suppressed because of violations of the Miranda rule and the Due Process Clause.   The government contends that defendant was not in custody when he made the statements and that the statements were voluntary.

Miranda warnings do not need to be administered if the person answering questions is not in "custody." U.S. v. Rogers, 391 F.3d 1165, 1169 (10th Cir. 2004).   The Tenth Circuit discussed "in custody" requirement in Rogers:

> A person is not "in custody" for Miranda purposes unless his "freedom of action is curtailed to a degree associated with formal arrest." Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984) (quotation omitted).   The "in custody" determination is based on how a reasonable person would understand the situation. Id. at 442, 104 S.Ct. 3138.   This reasonable person "does not have a guilty state of mind and does not have peculiar mental or emotional conditions that are not apparent to the questioning officer. [United States v. Erving L., 147 F.3d 1240, 1247 (10th Cir. 1998).]

Id.

The court heard evidence on this matter from Kelly Etnier, a special agent for the Bureau of Alcohol, Tobacco, and Firearms.   Etnier testified that he and another agent traveled

5

to Abilene, Kansas on December 11, 2003 because they knew defendant was appearing in state court and they wanted to speak with him.  Defendant was appearing in state court on a misdemeanor charge.  He was not in custody and he was represented by counsel.  His appearance was part of a general docket call.  So, the courthouse was crowded.

Etnier testified that he and the other agent approached defendant after he left the courtroom.  Defendant was speaking with his probation officer as they approached him.  They were dressed casually.  They were armed, but did not exhibit their weapons or demonstrate any force or threats.  The agents told defendant who they were and asked to speak with him.  Defendant agreed to speak to the agents, and a room was arranged off of the courtroom.  The agents explained to defendant that he had no obligation to speak with them, and defendant indicated that he understood.  They further explained that they were investigating the sale, pawning and possession of firearms which once belonged to defendant's grandfather.  Defendant was alone in the room with the two agents.  The door to the room was left open.

At the beginning of the interview, defendant's attorney on the misdemeanor charge entered the room.  The agents explained what was happening and that it was a criminal investigation which was unrelated to the misdemeanor charge.  They did not say

that defendant was a suspect in the investigation.  The attorney asked defendant if it was alright if he left.  Defendant waved the attorney off and indicated that the attorney had defendant's permission to leave.

During the interview, defendant admitted that he had a prior conviction for burglary, although he labeled it criminal trespass.  Defendant said he received the firearms as an inheritance.  In general, defendant was cooperative.  The interview lasted 10 to 15 minutes.  Defendant said he needed to leave so he could go to work and that his wife was driving him.  The interview was terminated at defendant's instigation.

Following the interview, defendant approached Etnier outside the courthouse.  He wanted to know where the investigation was going and seemed concerned about the trouble he could be in if his probation officer learned about his possession of firearms.  He said he wanted to get rid of the guns.  Etnier asked defendant's wife about selling or pawning the firearms.  She did not seem to recall the situation and said she was ill and needed to leave.  Defendant then left with his wife.

We find no Miranda violation on these facts.  Defendant was not "in custody" for purposes of the Miranda rule.  He was not under arrest or restrained.  He agreed to be questioned by the federal agents in the courthouse.  The interview was relatively

7

short and was terminated at his request.  Defendant agreed not
to have his attorney with him during the interview.  There was
no show of force or coercion by the agents.  Defendant
voluntarily approached Etnier after the interview was concluded
and continued the discussion regarding the firearms.  He was
again able to leave when he wished.  These facts demonstrate
that the Miranda rule was not violated by the federal agents.
Cf., U.S. v. Bennett, 329 F.3d 769, 774-75 (10th Cir. 2003) (when
defendant was released from detention in handcuffs during
execution of a search warrant and told he was not under arrest
and did not have to answer questions prior to being asked at his
residence about a firearm silencer found during the search,
defendant was not in custody for Miranda purposes); U.S. v.
Lennick, 917 F.2d 974, 977-78 (7th Cir. 1990)(brief questioning
of person attending trial at courthouse as a spectator regarding
ownership of firearm did not trigger Miranda requirements).

     Defendant also makes an argument that his statements should
be suppressed because they were made against his will.
Defendant makes reference to 18 U.S.C. § 3501 as part of his
argument.  We reject this argument for two reasons.  First, we
do not find that the statements were made against defendant's
will.  No force or coercion was applied to defendant.  He
voluntarily made the statements to the federal agents.  Second,

8

it has been held that the provisions of § 3501 do not apply to statements made in noncustodial situations.  <u>U.S. v. Stevens</u>, 83 F.3d 60, 67 (2d Cir.) <u>cert. denied</u>, 519 U.S. 902 (1996); <u>U.S. v. Nelson</u>, 984 F.Supp. 1368, 1373 (D.Kan. 1997).

In sum, we find no constitutional violation or federal statutory violation in the questioning of defendant.  Therefore, the motion to suppress shall be denied.

**IT IS SO ORDERED.**

Dated this 17th day of June, 2005 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

9