IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 04-40104-01-RDR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PETITION TO ENTER PLEA |
| | ) | OF GUILTY AND ORDER |
| CHRISTOPHER LEE GRIMES, | ) | |
| | ) | [Federal Rules of Criminal |
| Defendant. | ) | Procedure, Rules 10 and 11] |
| | ) | |

The defendant represents to the Court:

(1)     My full true name is Christopher Lee Grimes. I am 24 years of age. I have gone to school up and including receiving my GED. I request that all proceedings against me be in my true name.

(2)     I am represented by lawyers whose names are:

Melody Evans and Kirk Redmond

(3)     I received a copy of the Superceding Information[1] before being called upon to plead. I read the Superceding Information and have discussed it with my lawyers. I fully understand every charge made against me.

(4)     I told my lawyers all the facts and circumstances known to me about the charges made against me in the Superceding Information. I believe that my lawyers are fully informed on all such matters.

(5)     I know that the Court must be satisfied that there is a factual basis for a plea of "GUILTY" before my plea can be accepted. I represent to the Court that I did the following acts in connection with the charges made against me in the Superceding Information.

---

[1] "Information" also includes "Indictment."

REVISED: 12/16/96

## Count 1

On or about the 25th day of July, 2003, in the District of Kansas, I, Christopher Lee Grimes, who has been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:

    Burglary of a Residence, a level 7 person felony, in violation of K.S.A. 21-3715(a), in the District Court of Dickinson County, Case No. 99-CR-358;

knowingly possessed, in and affecting interstate commerce, a firearm, to wit:

    a.    an SKS 7.62 x 39 caliber semi-automatic rifle, serial number BP2352;
    b.
    c.    a Winchester, Model 9422, .22 caliber semi-automatic rifle, serial number F514223; and

    d.    a Winchester, Model 1200, 12 gauge pump-action shotgun, serial number L1018709;

all in violation of Title 18, United States Code, Sections 2, 922(g), and 924(a)(2).

## Count 2

On or about the 5th day of August, 2003, in the District of Kansas, I, Christopher Lee Grimes who has been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:

    Burglary of a Residence, a level 7 person felony, in violation of K.S.A. 21-3715(a), in the District Court of Dickinson County, Case No. 99-CR-358;

knowingly possessed, in and affecting interstate commerce, a firearm, to wit:

    (1)    a Colt, Model Chateau Thierry WWI Commemorative, .45 ACP caliber semi-automatic pistol, serial number 1062CT;

    (2)    a Rossi .38 caliber 5-shot revolver, serial number 772151;

    (3)    a Colt, Peacemaker Model, .22 LR caliber revolver, serial number G28030; and

    (4)    a Smith & Wesson, Model 15 Combat Masterpiece, .38 special caliber revolver, serial number 21K0166;

all in violation of Title 18, United States Code, Sections 2, 922(g), and 924(a)(2).

REVISED: 12/16/96

## Count 3

On or about the 12th day of August, 2003, in the District of Kansas, I, Christopher Lee Grimes who has been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:

Burglary of a Residence, a level 7 person felony, in violation of K.S.A. 21-3715(a), in the District Court of Dickinson County, Case No. 99-CR-358;

knowingly possessed, in and affecting interstate commerce, a firearm, to wit:

(1) a Colt, Woodsman Model 3rd Series (Match Target), .22 LR caliber semi-automatic pistol, serial number 006226S;

(2) a Jennings (Bryco Arms), Model M-59, .380 ACP caliber semi-automatic pistol, serial number 217367; and

(3) an Auto Ordinance, Model 1911-A1, .45 ACP caliber semi-automatic pistol, serial number AOC5992;

all in violation of Title 18, United States Code, Sections 2, 922(g), and 924(a)(2).

## Count 4

On or about the 9th day of September, 2003, in the District of Kansas, I, Christopher Lee Grimes, who has been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:

Burglary of a Residence, a level 7 person felony, in violation of K.S.A. 21-3715(a), in the District Court of Dickinson County, Case No. 99-CR-358;

knowingly possessed, in and affecting interstate commerce, a firearm, to wit:

(1) a Norinco, Model SKS, 7.62 x 39 caliber semi-automatic assault rifle, serial number 23114365K;

(2) a Stevens, Model 58-D, 20 gauge shotgun, serial number A293184; and

(3) a United States Arms, Model Abilene, .44 magnum caliber revolver, serial number 50-002742;

all in violation of Title 18, United States Code, Sections 2, 922(g), and 924(a)(2).

REVISED: 12/16/96

### Count 5

On or about the 6th day of January, 2004, in the District of Kansas, I, Christopher Lee Grimes, who has been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:

> Burglary of a Residence, a level 7 person felony, in violation of K.S.A. 21-3715(a), in the District Court of Dickinson County, Case No. 99-CR-358;

knowingly possessed, in and affecting interstate commerce, a firearm, to wit:

> a Ruger, Government Target Model Mark II, .22 caliber semi-automatic pistol, bearing serial number 21046502;

all in violation of Title 18, United States Code, Sections 2, 922(g), and 924(a)(2).

### Count 6

On or about the 6th day of January, 2004, in the District of Kansas, I, Christopher Lee Grimes, knowingly received and possessed a firearm, to wit:

> a firearm silencer, which was not registered to him in the National Firearms Registration and Transfer Record,

in violation of Title 26, United States Code, Section 5861(d), with reference to Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Sections 5841, 5845(a)(7), and 5871.

(6)   My lawyer has counseled and advised me on the nature of each charge, on all lesser included charges, and on all possible defenses that I might have in this case.

(7)   I know that I have the right to plead "NOT GUILTY" to any offense charged against me. If I plead "NOT GUILTY" I know the Constitution guarantees me (a) the right to a speedy and public trial by a jury; (b) at that trial, and at all stages of the proceedings, the right to the assistance of a lawyer; (c) the right to see and hear all witnesses called to testify against me, and the right to cross-examine those witnesses; (d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor; and (e) the right not to be compelled to incriminate myself by taking the witness stand; and if I do not take the witness stand, no inference of guilt may be drawn from such failure.

(8)   I know that if I plead "GUILTY," I am thereby waiving my right to a trial, and that there will be no further trial of any kind, either before a Court or jury.

(9) I know that if I plead "GUILTY," the Court will ask me questions about the offense(s) to which I have pleaded, and since I will be answering these questions under oath, on the record, and in the presence of my lawyer, that my answers may later be used against me in a prosecution for perjury or false statement.

(10) My lawyer informed me that the plea of "GUILTY" to Counts 1-5 of the Superceding Information could subject me to a sentence of a term of imprisonment on each count of not more than ten years, a fine of not more than $250,000, or both, a term of supervised release of not less than three (3) years, and the payment of a special assessment of not less than $100.00.

I have also been informed that the plea of "GUILTY" to Count 6 of the Superceding Information could subject me to a sentence of a term of imprisonment of not more than ten years, a fine of not more than $10,000, or both, a term of supervised release of not less than three (3) years, and the payment of a special assessment of not less than $100.00.

I have also been informed that should the Court find me in violation of the supervised release term, the term could be revoked and an additional term of imprisonment may be imposed. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. §3663 and §3664 or as a condition of supervision, if such is ordered under 18 U.S.C. §3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(11) I know that in addition to any other penalty imposed, including any fine or restitution order, the Court is required to impose a special monetary assessment for each count in which the offense occurred after November 13, 1984. ($50.00 for a felony, $25.00 for a misdemeanor; if the defendant is other than an individual, the assessment is $200.00 for a felony and $100.00 for a misdemeanor).

The special monetary assessment is $<u>100.00</u> for each count in which the offense occurred after April 24, 1996.

(12) I know that the Court may also order, in addition to the penalty imposed, that I give reasonable notice and explanation of the conviction, in such form as the Court may approve, to the victims of the offense.

(13) I understand that this plea is offered to the Court under Federal Rule of Criminal Procedure 11 (c)(1)(C), proposing a term of 480 months, as agreed by both parties. I further understand that if the Court does not accept this binding plea agreement under subsection (c)(1)(C), then I may withdraw my plea and the parties are restored to the positions they maintained prior to entering into this plea agreement.

(14) If I am on probation or parole in this or any other Court, I know that by pleading guilty here, my probation or parole may be revoked and I may be required to serve time in that case, which will be consecutive, that is, in addition to any sentence imposed upon me in this case.

(15) I declare that no officer or agent of any branch of government (federal, state, or local) has promised, suggested, or predicted that I will receive a lighter sentence, or probation, or any other form of leniency if I plead "GUILTY," except as follows:

Written plea agreement

Letter from state prosecutors, Attachment A.

If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that he had no authority to do so.

I know that the sentence I will receive is solely a matter within the control of the Judge. I do understand that there is no limitation on the information the Judge can consider at the time of sentencing concerning my background, character, and conduct, provided the information is reliable, 18 U.S.C. §3661. I do understand that if I am subject to sentencing under the Sentencing Reform Act and the Sentencing Guidelines issued by the United States Sentencing Commission, a sentencing guideline range is established. The Judge may select a sentence from within the guideline range unless my case presents unusual features which permit the Judge to depart from the guidelines and impose a sentence either above or below the recommended guideline range. In determining the guideline range, whether to depart, and the sentence to impose, the Court may take into account all relevant criminal conduct, which may include counts to which I have not pled guilty or been convicted and take into account background characteristics, unless otherwise prohibited by law. I further understand that my background characteristics including, but not limited to, the recency and frequency of my prior criminal record, whether or not a substantial portion of my income resulted from criminal conduct, my role in the offense, victim-related circumstances, and my acceptance of the responsibility for the offense, may have a specific effect on the sentence.

(16) I understand that a U.S. Probation Officer has been assigned to conduct a thorough presentence investigation to develop all relevant facts concerning my case unless the Court finds that there is in the record sufficient information to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. §3553. The report of the presentence investigation shall contain the factors set forth in Rule 32. These include the classification of the offense and of the defendant under the categories established by the Sentencing Commission, the kinds of sentence available to the Court, and the sentencing range the officer believes applicable. The report shall include the history and characteristics of the defendant and such other information required by the Court recognizing the factors set forth in paragraph (16) above. I have received a copy of the final report, reviewed it with my counsel, and have no objections.

(17) I believe that my lawyers have done all that anyone could do to counsel and assist me, and I am satisfied with the advice and help they has given me.

REVISED: 12/16/96

(18) I know that the Court will not permit anyone to plead "GUILTY" who maintains he/she is innocent and, with that in mind, and because I am "GUILTY" and do not believe I am innocent, I wish to plead "GUILTY" and respectfully request the Court to accept my plea of "GUILTY" and to have the Clerk enter my plea of "GUILTY" as follows.[2]

GUILTY AS CHARGED IN COUNTS 1-6 OF THE SUPERCEDING INFORMATION.

(19) My mind is clear, I am not under the influence of alcohol or drugs, and I am not under a doctor's care. The only drugs, medicines or pills that I took within the past seven (7) days are:

None.

(20) I have never been confined in any institution for the treatment of mental illness. I have never been adjudicated mentally incompetent. I know of no reason why my mental competence at the time of the commission of the alleged offense(s), or at the present time, should be questioned. (If there are any exceptions to the above statement, explain below.)

(21) I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of guilty is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Superceding Information and in this petition, and in the certificate of my attorney which is attached to this petition.

(22) I waive the reading of the Superceding Information in open court, and I request the Court to enter my plea of "GUILTY" as set forth in paragraph (19) of this petition.

(23) I swear that I have read, understood, and discussed with my attorney, each and every part of this Petition to Plead Guilty, and that the answers which appear in every part of this petition are true and correct.

Signed and Sworn to by me in open court, in the presence of my attorney, this 11th day of October, 2005.

*/s/ Christopher Lee Grimes*
Christopher Lee Grimes

---

[2] The defendant's plea of "GUILTY" or "NOT GUILTY" to each offense should be entered in the blank spaces provided in paragraph (20). If the Superceding Information charges a single offense, a defendant who wishes to plead "GUILTY" should write in paragraph (20) "GUILTY as charged in the Superceding Information." If more than one offense is charged, the defendant may write in paragraph (20) "GUILTY as charged in Count(s) _____," "NOT GUILTY as charged in Count(s) _____."

Subscribed and Sworn to before me this 11th day of October, 2005.

_____Mary Ee Hill_____
(Deputy Clerk)

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for the defendant, Christopher Lee Grimes, hereby certifies:

(1)   I have read and fully explained to the defendant the allegations contained in the Superceding Information in this case.

(2)   To the best of my knowledge and belief, the statements, representations and declarations made by the defendant in the foregoing petition are in all respects accurate and true.

(3)   I explained the maximum penalty for each count to the defendant.

(4)   The plea of "GUILTY" offered by the defendant in paragraph (19) accords with my understanding of the facts he/she related to me and is consistent with my advice to the defendant.

(5)   In my opinion, the defendant's waiver of reading of the Superceding Information in open court as provided by Rule 10 is voluntarily and understandingly made, and I recommend to the Court that the waiver be accepted.

(6)   In my opinion, the plea of "GUILTY" offered by the defendant in paragraph (19) of the petition is voluntarily and understandingly made. I recommend that the Court accept the plea of "GUILTY."

(7)   I have made no predictions or promises to the defendant concerning any sentence the Court may award, except as noted in the space below: NONE, EXCEPT AS SET OUT IN PARAGRAPH 16.

(8)   I further represent to the Court that the defendant's plea of "GUILTY" (is) (is not) the result of a plea agreement. The terms of the agreement are set out in paragraph (16) of the petition, and I have informed the defendant that the Court is not bound by the terms of the agreement and that if the Court rejects the agreement, the Court will not give him/her the opportunity to withdraw his/her plea of "GUILTY," unless the plea agreement, signed by all parties, is executed in accordance with Federal Rules of Criminal Procedure, Rule 11(c)(1)(A) or Rule 11(c)(1)(C).

Signed by me in open court in the presence of the defendant above named and after full discussion of the contents of this certificate with the defendant, this 11th day of October, 2005.

_____
Melody Evans

_____
Kirk C. Redmond

## **O R D E R**

I find that the plea of guilty was made by the defendant freely, voluntarily, and because he/she is guilty as charged, and not out of ignorance, fear, inadvertence or coercion, and with full understanding of its consequences. I further find that the defendant has admitted the essential elements of the crime charged and is mentally competent.

IT IS THEREFORE ORDERED that the defendant's plea of "GUILTY" be accepted and entered as prayed for in the petition and as recommended in the certificate of his/her lawyer.

Done in open court this 11th day of October, 2005.

*[signature: Michael D. Rogers]*
UNITED STATES DISTRICT JUDGE

REVISED: 12/16/96

# DICKINSON COUNTY ATTORNEY

Keith D. Hoffman, Dickinson County Attorney

22 September 2005

Anthony W. Mattivi
Assistant United States Attorney
290 Carlson Federal Bldg.
444 SE Quincy Street
Topeka, KS 66683-3592

Re: United States of America v. Christopher Lee Grimes
    Case Number 04-40104-01-RDR

Dear Mr. Mattivi:

This letter acknowledges the receipt of your letter and our subsequent telephone conversation today regarding the Christopher Grimes matter.

As you indicated, Mr. Grimes has agreed to plead guilty to certain weapons charges and serve a sentence of forty years and your office has agreed not to seek the death penalty. I understand the agreement is subject to approval and acceptance by the court and that the court may either accept or reject the entire proposal.

For reference I note this matter was assigned to me due to a conflict issue and I am solely responsible for this office's decision as to state prosecution of Mr. Grimes for the murder of Keith Riffel. After consideration, I concur with your assessment that the plea agreement holds Mr. Grimes sufficiently accountable for his murder of Keith Riffel and other state offenses committed by Mr. Grimes on January 6, 2004.

This office will not file or re-file any charges against Christopher Grimes related to the murder of Keith Riffel if Mr. Grimes enters his guilty plea to the federal weapons charges under your plea agreement and the court approves and accepts such plea and the forty year sentence and imposes the same. In the event the court rejects the plea and sentence agreement I will review my options as to prosecution of Mr. Grimes.

Thank you for your efforts in this matter and please continue to keep me advised of the status of the case.

Very truly yours,

Daryl E. Hawkins
Assistant County Attorney

Dickinson County Annex, 201 E. First, Abilene, KS 67410
Telephone 785-263-2646  Fax 785-263-0445

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**CHRISTOPHER LEE GRIMES,**<br>Defendant. | }<br>}<br>}<br>}   No. 04-40104-01-RDR<br>}<br>}<br>}<br>}<br>} |

## PLEA AGREEMENT

The United States of America, by Anthony W. Mattivi, Assistant United States Attorney for the District of Kansas, and the defendant, Christopher Lee Grimes, personally and by and through his attorney, Melody Evans, Assistant Federal Public Defender, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** If the Court permits, the defendant agrees to waive indictment, admit his guilt, and enter a plea of guilty to the Information which has been filed in this case. By entering into this plea agreement, the defendant admits to knowingly committing the offenses charged in the Information, and to being guilty of these charges. The Information charges five separate violations of Title 18, United States Code, Section 922(g), and one violation of Title 26, United States Code, Section 5861(d). The United States agrees to request at the time of sentencing that the Court dismiss with prejudice the Indictment in this case.

2.   **<u>Factual Basis for the Guilty Plea.</u>**   The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> In June of 2003, Christopher Lee Grimes was knowingly and personally possession of three guns, as described in Count 1 of the Superceding Information. At the time he was in possession of those weapons, he had previously been convicted of a felony, burglary of a residence, Dickinson County case # 99-CR-358. This felony was punishable by more than one year in prison. Each of the weapons had traveled in interstate commerce at some time, as each was manufactured outside the state of Kansas.
>
> In August of 2003, Christopher Lee Grimes was knowingly and personally in possession of four guns, as described in Count 2 of the Superceding Information. At the time he was in possession of those weapons, he had previously been convicted of a felony, burglary of a residence, Dickinson County case # 99-CR-358. This felony was punishable by more than one year in prison. Each of the weapons had traveled in interstate commerce at some time, as each was manufactured outside the state of Kansas.
>
> In August of 2003, Christopher Lee Grimes knowingly and personally possessed three guns, as described in Count 3 of the Superceding Information. At the time he was in possession of those weapons, he had previously been convicted of a felony, burglary of a residence, Dickinson County case # 99-CR-358. This felony was punishable by more than one year in prison. Each of the weapons had traveled in interstate commerce at some time, as each was manufactured outside the state of Kansas.
>
> In September of 2003, Christopher Lee Grimes knowingly and personally possessed three guns as described in Count 4 of the Superceding Information. At the time he was in

possession of those weapons, he had previously been convicted of a felony, burglary of a residence, Dickinson County case # 99-CR-358. This felony was punishable by more than one year in prison. Each of the weapons had traveled in interstate commerce at some time, as each was manufactured outside the state of Kansas.

Christopher Grimes was interviewed by ATF Agent Kelly Etnier on December 11, 2003, in Abilene, Kansas. He admitted that he had been in possession of the weapons and that he knew that he was prohibited by law from having any guns. Each of these guns were identified and located in pawn shops in the District of Kansas.

On January 6, 2004, Christopher Grimes was in knowing possession of a Ruger, Government Target Model Mark II, .22 caliber semi-automatic pistol, serial #21046502. At the time he was in possession of this weapon, he had previously been convicted of a felony, burglary of a residence, Dickinson County case # 99-CR-358. This felony was punishable by more than one year in prison. The weapon had traveled in interstate commerce at some time, as it had been manufactured outside the state of Kansas. This gun was discharged by Mr Grimes, killing Keith Riffel. In an interview with Dickinson County law enforcement, Mr Grimes admitted to discharging the gun.

On January 6, 2004, Mr Grimes was also in possession of a silencer that was constructed from a plastic soda bottle, paper towels and tape. This silencer was not registered to Mr Grimes in the National Firearms Registration and Transfer Record.

All these events happened in the District of Kansas.

3. **Proposed (c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case, a sentence of 480 months in prison. The parties seek this binding plea agreement as an appropriate disposition of the case because it brings certainty to the sentencing process and assures that the defendant and the government will benefit from the bargain they have struck if the Court permits itself to be bound by the proposed sentence; the interests of justice are served by the sentence, because the parties believe the ultimate sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a); and if the Court does not agree with the proposed sentence, the parties may be restored to the positions they maintained prior to reaching this plea agreement.

3. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence is consistent with the sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

4. **Government's Additional Agreement.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas also agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the Indictment and the Superseding Information. The

United States also agrees to not seek the death penalty against the defendant for any charge related to the murder of Keith Riffel on January 6, 2004.

5.   **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.**  The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

6.   **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.**   On the other hand, if the Court agrees to be bound by proposed plea agreement and accepts the defendant's plea of guilty, the defendant will not be permitted to withdraw it.  Only if the Court rejects the proposed plea agreement will the defendant be permitted to withdraw his guilty plea.

7.   **Payment of Special Assessment.**   The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing.  The parties acknowledge the defendant is without adequate resources to pay the special assessment at the time of sentencing and agree to recommend that the Court order payment to occur during the defendant's period of incarceration.

8.   **Waiver of Appeal and Collateral Attack.**   If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right

5

to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the Court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the Court departs upwards from the applicable sentencing guideline range determined by the Court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

9. **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution

6

of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

10. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

11. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District

of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

   12.   **No Other Agreements.**   The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_____          Date: 10/11/05
Anthony W. Mattivi
Assistant U.S. Attorney

_____          Date: 10/7/05
Randy M. Hendershot
Criminal Chief/Supervisor

_____         Date: 10/11/5
Christopher Lee Grimes
Defendant


_____         Date: 10/11/5
Melody Evans
Assistant Federal Public Defender
Attorney for Defendant


_____         Date: 10/11/05
Kirk Redmond
Assistant Federal Public Defender
Attorney for Defendant

9