AO 245B (Rev. 12/03) - Judgment in a Criminal Case

# United States District Court
## District of Kansas

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>CHRISTOPHER LEE GRIMES | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 5:04CR40104-001-RDR<br>USM Number: 14801-031<br><br>Defendant's Attorney  Melody Evans |

**THE DEFENDANT:**

[x]  pleaded guilty to count(s): 1 through 6 of a 6-count Superseding Information .
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See next page. | | | |

    The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[x]  The original Indictment is dismissed on the motion of the United States.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of material changes in economic circumstances.

10/11/2005
Date of Imposition of Judgment

s/Richard D. Rogers
Signature of Judge

Honorable Richard D. Rogers, Senior U. S. District Judge
Name & Title of Judge

10-17-2005
Date

AO 245B (Rev. 12/03) - Judgment in a Criminal Case

| DEFENDANT: | CHRISTOPHER LEE GRIMES | Judgment - Page 2 of 7 |
|---|---|---|
| CASE NUMBER: | 5:04CR40104-001-RDR | |

## ADDITIONAL COUNTS OF CONVICTION

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 2, 922(g) and 924(a)(2) | **FELON IN POSSESSION OF A FIREARM** | 07/25/03 | 1 |
| 18 U.S.C. §§ 2, 922(g) and 924(a)(2) | **FELON IN POSSESSION OF A FIREARM** | 08/05/03 | 2 |
| 18 U.S.C. §§ 2, 922(g) and 924(a)(2) | **FELON IN POSSESSION OF A FIREARM** | 08/12/04 | 3 |
| 18 U.S.C. §§ 2, 922(g) and 924(a)(2) | **FELON IN POSSESSION OF A FIREARM** | 09/09/03 | 4 |
| 18 U.S.C. §§ 2, 922(g) and 924(a)(2) | **FELON IN POSSESSION OF A FIREARM** | 01/06y04 | 5 |
| 26 U.S.C. § 5861(d) | **POSSESSION OF A FIREARM SILENCER NOT REGISTERED IN NATIONAL FIREARMS REGISTRATION AND TRANSFER RECORD** | 01/06/04 | 6 |

AO 245B (Rev. 12/03) Judgment in a Criminal Case---Imprisonment

DEFENDANT: CHRISTOPHER LEE GRIMES  
CASE NUMBER: 5:04CR40104-001-RDR

Judgment - Page 3 of 7

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>480 months</u>.

Counts 1-4: 120 months, per count, to be served consecutively

Counts 5-6: 120 months, per count, to be served concurrently with one another, and concurrently with the sentence imposed in Counts 1-4

The defendant is granted credit for time served in custody since 01/06/2004.

[**x**] The Court makes the following recommendations to the Bureau of Prisons:

If eligible, the Court recommends designation to the Federal Correctional Institution at Florence, Colorado.

[**x**] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.

[ ] at ___ on ___.

[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[ ] before ___ on ___.

[ ] as notified by the United States Marshal.

[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case –-Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | CHRISTOPHER LEE GRIMES | Judgment - Page 4 of 7 |
| CASE NUMBER: | 5:04CR40104-001-RDR | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>three (3) years</u> .

Counts 1-6:    3 years supervised release, each count, to be served concurrently

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable)

[**x**]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable)

[**x**]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable)

If this judgment imposes a fine or restitution, it is to be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this Court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case –-Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | CHRISTOPHER LEE GRIMES | Judgment - Page 5  of  7 |
| CASE NUMBER: | 5:04CR40104-001-RDR | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is prohibited from possessing or purchasing a firearm, ammunition, destructive device, or other dangerous weapon.

2. The defendant shall participate in an approved program for substance abuse, which may include drug/alcohol testing, counseling and inpatient treatment, and share in the costs, based on the ability to pay.  The defendant shall abstain from the use of alcohol during said treatment program.

3. The defendant shall participate in an approved program for mental health, which may include psychological counseling, and share in the costs, based on the ability to pay.

AO 245B (Rev.11/04) Judgment in a Criminal Case---Criminal Monetary Penalties

| | | |
|---|---|---|
| DEFENDANT: | CHRISTOPHER LEE GRIMES | Judgment - Page 6 of 7 |
| CASE NUMBER: | 5:04CR40104-001-RDR | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the Schedule of Payments set forth in this Judgment.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 600 | $ 0 | $ 0 |

Counts 1-6: $100 CVF assessment, each count, for a total of $600

[ ]  The determination of restitution is deferred until  _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]  The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ _ | $ _ | |

[ ]  Restitution amount ordered pursuant to plea agreement $ _

[ ]  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options set forth in this Judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  [ ]  the interest requirement is waived for the    [ ] fine and/or    [ ] restitution.

  [ ]  the interest requirement for the    [ ] fine and/or    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | | |
|---|---|---|
| DEFENDANT: | CHRISTOPHER LEE GRIMES | Judgment - Page 7 of 7 |
| CASE NUMBER: | 5:04CR40104-001-RDR | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ due immediately, balance due

      [ ]    not later than _____, or

      [ ]    in accordance with ( ) C, ( ) D, ( ) E, or ( ) F below; or

B    [x]    Payment to begin immediately (may be combined with ( ) C, ( ) D, or (x) F below); or

C    [ ]    Payment in monthly installments of not less than 5% of the defendant's monthly gross household income over a period of __ years to commence __ days after the date of this judgment; or

D    [ ]    Payment of not less than 10% of the funds deposited each month into the inmate's trust fund account and monthly installments of not less than 5% of the defendant's monthly gross household income over a period of __ years, to commence __ days after release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [x]    Special instructions regarding the payment of criminal monetary penalties:

If restitution is ordered, the Clerk, U.S. District Court, may hold and accumulate restitution payments, without distribution, until the amount accumulated is such that the minimum distribution to any restitution victim will not be less than $25.

Payments should be made to Clerk, U.S. District Court, U.S. Courthouse - Room 259, 500 State Avenue, Kansas City, Kansas 66101.

Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

     [ ]    Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount Joint and Several Amount and corresponding payee, if appropriate.

| Case Number (including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

     [ ]    The defendant shall pay the cost of prosecution.

     [ ]    The defendant shall pay the following court cost(s):

     [ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, (8) costs, including cost of prosecution and court costs.