IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER LEE GRIMES,

    Defendant.

Case No. 5:04-CR-40104-HLT
          5:19-CV-04030-HLT

## MEMORANDUM AND ORDER

In 2005, Defendant pleaded guilty under a Fed. R. Crim. P. 11(c)(1)(C) plea agreement to five counts of felon in possession of a firearm and one count of possessing a firearm silencer. Now, nearly fourteen years later, he moves the Court to vacate or amend his sentence under 28 U.S.C. § 2255. Doc. 82.[1] He argues his counsel was ineffective for recommending he plead guilty to the felon-in-possession charges because the underlying statutory section exceeds Congress's Commerce Clause powers. He also argues the Government violated the plea agreement when it failed to object to the use of the murder cross-reference in calculating the guideline range. Because his motion is untimely (and is otherwise meritless), the Court dismisses Defendant's motion.

## I.    BACKGROUND

In 2005, Defendant pleaded guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement to five counts of felon in possession of a firearm under 18 U.S.C. §§ 2, 922(g), and 924(a)(2), and to one count of possession of a firearm with a silencer under 26 U.S.C. § 5861(d). Doc. 73 at 2-4. Four of the felon-in-possession counts stemmed from firearms Defendant pawned.

---

[1] The Government failed to timely respond to Defendant's motion, so the Court ordered the Government to show cause. Doc. 85. The Government immediately responded to the show cause order and filed a response to Defendant's motion. Docs. 87 and 88. The Court is satisfied with the explanation, finds that the Government fully responded to the show cause order, and gives full consideration to the Government's response.

The two remaining counts involved a firearm that Defendant equipped with a homemade silencer and then used to kill Keith Riffel.

At the change of plea hearing, the parties presented the Rule 11(c)(1)(C) plea agreement, which proposed a sentence of 480 months' imprisonment. Defendant also submitted a petition to plead guilty, and a letter from the Daryl E. Hawkins, Assistant County Attorney for Dickinson County, Kansas, that stated that "[t]his office will not file or re-file any charges against [Defendant] related to the murder of Keith Riffel if [Defendant] enters his guilty plea to the federal weapons charges under your plea agreement and the court approves and accepts such plea and the forty year sentence and imposes the same." Doc. 73 at 11.

The Court sentenced Defendant in October 2005. The presentence investigation report ("PSIR") calculated a base offense level of forty-three by using a cross-reference under United States Sentencing Guidelines § 2A1.1 because of Mr. Riffel's homicide. After adjustments, Defendant's total offense level was forty-two and his criminal history category was IV, which produced an applicable sentencing range under the guidelines of 360 months to life. The Court ultimately accepted the plea agreement and imposed the proposed 480-month sentence. Doc. 75 at 3.

Defendant did not file a direct appeal. Instead, he filed the instant motion in April 2019, arguing (1) his counsel was ineffective for recommending he plead guilty to the § 922(g) charges because this statute exceeds Congress's Commerce Clause powers, and (2) the Government breached the plea agreement by not objecting to the murder cross-reference used in the PSIR for establishing the base offense level.[2] He seeks reversal of his convictions and remand for a new trial.

---

[2] Initially, Defendant also argued that the predicate felony for his felon-in-possession charges (e.g., burglary) is no longer a violent crime for career criminal designation purposes. Doc. 82 at 4 (citing *Sessions v. Dimaya*, 138 S.

## II. ANALYSIS

The Government opposes Defendant's motion as untimely and meritless. The Court agrees.

### A. Defendant's § 2255 motion is time barred.

Typically, a defendant has one year from the date the judgment becomes final to file a § 2255 motion. 28 U.S.C. § 2255(f)(1). Defendant's judgment became final ten business days after it was entered on October 17, 2005. Fed. R. App. P. 4(b)(1)(A)(i) (2005); Fed. R. App. P. 26(a)(2) (2005). Therefore, Defendant's motion far exceeds this deadline.

Nevertheless, Defendant argues his motion is timely under § 2255(f)(4). This section states that a motion is timely if filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Defendant contends that he only recently discovered the "novel" issues at hand after acquiring the assistance of a "paralegal."

But Defendant misunderstands the application of this statutory section. "Section 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts." *United States v. Collins*, 364 F. App'x 496, 498 (10th Cir. 2010) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). In this case, Defendant knew back in 2005 that he pleaded guilty to multiple felon-in-possession charges under 18 U.S.C. § 922(g). *See, e.g.*, Doc. 73 at 1-4 and 12-15. And he also knew the terms of his plea agreement and knew that the PSIR used the murder cross-reference in calculating his base offense level and resulting guideline range. *Id.* at 6. ("I have received a copy of the final [PSIR], reviewed it with my counsel, and have no objections."). Therefore, Defendant cannot credibly claim discovery of new evidence.

---

Ct. 1204 (2018)). He concedes in his reply brief that his argument is meritless. And the Court agrees with him because Defendant was not sentenced as a career offender. PSIR at 31, 39 ¶ 145.

3

Rather, his arguments concern a new appreciation of the legal significance of these known facts about his plea, plea agreement, and sentence.

Defendant also argues the one-year limitation should be equitably tolled. Equitable tolling requires extraordinary circumstances and diligence. *Lawrence v. Florida*, 549 U.S. 327, 335 (2007). "[A] lack of awareness of the law or lack of assistance in collateral review does not constitute the type of extraordinary circumstances warranting equitable tolling." *Collins*, 364 F. App'x at 498 (finding no extraordinary circumstances when a defendant only learned of his ineffective assistance of counsel claim when he hired new counsel) (citing *Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008)). Defendant contends he trusted his attorney for nearly fourteen years until he received assistance from an inmate with legal training on his now-abandoned *Dimaya* claim. *See supra* footnote 2. He explains that while evaluating that claim, the inmate with legal training identified the other arguments raised in this motion. These facts are not enough for either extraordinary circumstances or diligence. The Court finds that Defendant's claims are time barred and, therefore, are dismissed.[3]

### B. Even if timely, Defendant's claims are meritless.

Even if the claims were timely, they are meritless. First, Defendant contends that his counsel was ineffective for recommending he plead guilty to the § 922(g) charges because Congress exceeded its Commerce Clause powers by enacting this section. He then explains that his possession of the firearms did not have a substantial impact on interstate commerce. To prevail on his ineffective assistance claim, Defendant must demonstrate both that his counsel's

---

[3] Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," § 2255(b), the Court dismisses Defendant's motion without an evidentiary hearing.

"representation fell below an objective standard of reasonableness," and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Defendant fails to show that his counsel's representation fell below an objective standard of reasonableness. The plea agreement and plea petition both recognize that the underlying firearms had traveled in interstate commerce because they were manufactured outside of Kansas. Doc. 73 at 1-4 and 13-14. It was well established at the time of Defendant's plea negotiations (and now) that § 922 does not violate the Commerce Clause when the firearms have crossed state lines. *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995). Thus, this argument is meritless. And neglecting to raise a meritless argument is not deficient performance. *Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006). Likewise, his counsel was not ineffective by failing to appeal this issue.

Second, Defendant contends that the plea agreement prevented Mr. Riffel's homicide from being used in calculating his sentence and argues that the Government breached this provision when it did not object to the murder cross-reference being used to determine his base offense level. As an initial matter, this argument misstates the plea agreement. The plea agreement states that the Government "agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the Indictment and the Superseding Information" and also agrees "to not seek the death penalty against the defendant for any charge related to the murder of Keith Riffel on January 6, 2004." Doc. 73 at 15-16. The Government honored this agreement. This argument also ignores statements in the plea petition, which Defendant signed under oath. Namely, the petition expressly recognizes that "[i]n determining the guideline range . . . the Court may take into account all relevant criminal conduct, which may include counts to which I have not pled guilty or been convicted." Doc. 73 at 6. Thus, Defendant knew the Court may consider relevant conduct in

5

determining the guideline range. Finally, this argument misapprehends the nature of a Rule 11(c)(1)(C) plea agreement. The parties agreed to a 480-month sentence. The Court accepted the plea agreement and imposed a 480-month sentence. Thus, Defendant received the benefit of his bargain regardless of the base offense level and guideline range.[4, 5]

### C. A certificate of appealability is unmerited.

Rule 11 of the Rules Governing § 2255 proceedings directs the Court to issue or deny a certificate of appealability upon issuing a final adverse order. The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). The Court finds that Defendant has shown neither and thus denies a certificate of appealability.

THE COURT THEREFORE ORDERS that Defendant's Motion under 28 U.S.C. § 2255 (Doc. 82) is DISMISSED. The Court DENIES a certificate of appealability.

---

[4] Defendant makes a passing argument that his counsel was ineffective for not appealing this issue. As explained above, counsel's failure to raise a meritless argument does not constitute deficient performance. And, regardless, Defendant is not prejudiced because the Court imposed the proposed 480-month sentence.

[5] Defendant raises several new arguments in his reply. These arguments are waived, and the Court does not consider them. *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011). Regardless, even if considered, these arguments are untimely for reasons like those discussed above and are meritless. His contention that is plea is involuntary is belied by the facts in the plea petition, plea agreement, and PSIR. And his two new ineffective assistance of counsel arguments lack merit. First, he argues § 922(g) is an unconstitutional bill of attainder because it deprives felons of their right to bear arms without trial. But § 922(g) requires an underlying felony conviction, and the Supreme Court recently affirmed the constitutionality of prohibitions on felons possessing firearms. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Second, Defendant argues the federal government was dissolved under the Emergency Banking Act of 1933; thus, federal laws are legal fictions, and the Court lacked jurisdiction over Defendant because he was not a federal citizen. But this argument has been roundly rejected. *See Cotton v. United States*, 39 F.3d 1191 (10th Cir. 1994) (rejecting the "tired and oft-rejected assertion that he is not a federal citizen"). Counsel is not ineffective for failing to raise meritless arguments.

THE COURT FURTHER ORDERS that the Government RESPONDED to the Show Cause Order (Doc. 85).

IT IS SO ORDERED.

Dated: August 30, 2019           /s/ *Holly L. Teeter*
                                             HOLLY L. TEETER
                                             UNITED STATES DISTRICT JUDGE